# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JUAN J. DEHOYOS, | DOCKET NUMBER |
| Appellant, | DA-3443-15-0182-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: August 5, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Juan J. Dehoyos, San Antonio, Texas, pro se.

Joseph P. Kinlin, Esquire, Fort Sam Houston, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction this appeal of a Voluntary Separation Incentive Payment (VSIP) denial.  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant, a former GS-11 Contract Specialist for the agency, retired under the Federal Employees' Retirement System (FERS), effective December 31, 2012. Initial Appeal File (IAF), Tab 4, Subtab 4. On October 7, 2014, the appellant filed a defective appeal with the Board, which he perfected on January 9, 2015.[2] IAF, Tab 1 at 1, Tab 2. He indicated that he was challenging the agency's decision not to award him a $25,000 VSIP. IAF, Tab 2 at 7-8. The appellant requested a hearing. *Id*. at 5.

¶3      The administrative judge issued an acknowledgment order directing the appellant to file evidence and argument showing that the Board has jurisdiction over the appeal. IAF, Tab 3 at 2. When the appellant failed to respond, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing. IAF, Tab 5, Initial Decision (ID) at 2 & n.2. She

---

[2] It appears that the January 9, 2015 refiling was untimely according to the Chief Administrative Judge's October 20, 2015 notice, which directed the appellant to refile within 10 calendar days after he received the notice. IAF, Tab 1 at 1. Because the administrative judge dismissed the appeal for lack of jurisdiction, she made no finding on the timeliness issue. IAF, Tab 5 at 1 n.1. We decline to reach the timeliness issue for the same reason.

found that there was no law or regulation giving the Board jurisdiction over appeals of VSIP denials, and that the appellant did not make a nonfrivolous allegation of jurisdiction over his appeal.[3]  ID at 3-4.

¶4    The appellant has filed a petition for review, arguing that he did, in fact, respond to the acknowledgment order, that the administrative judge should have conducted a hearing, and that there must be some way for him to vindicate his rights.  Petition for Review (PFR) File, Tab 1 at 3, 5.  He also argues the merits of his VSIP claim.  *Id*. at 4.  The agency has not filed a response.

¶5    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Like the administrative judge, we are unaware of any law, rule, or regulation giving the Board jurisdiction over an appeal of a VSIP denial.  There are no provisions for Board appeals in the governing statute and regulations.  *See* 5 U.S.C. chapter 35, subchapter II; 5 C.F.R. part 576.  Furthermore, we find that the denial of a VSIP is not an appealable agency action or order affecting an individual's rights under FERS.  *Cf.* 5 U.S.C. § 8461(e)(1) (an administrative action or order affecting the rights or interests of an individual or of the United States under FERS administered by the Office of Personnel Management may be appealed to the Board).  As applicable here, VSIPs are governed by 5 U.S.C. chapter 35, subchapter II and 5 C.F.R. part 576, not 5 U.S.C. chapter 84.  Furthermore, if VSIPs were retirement benefits under 5 U.S.C. chapter 84, they would be paid from the Civil Service Retirement and Disability Fund, which they are not.  *See* 5 U.S.C. §§ 3523(b)(7) (reflecting that VSIPs are paid from "appropriations or funds available for … basic pay"), 8348(a)(1)(A) (reflecting that FERS benefits come from the Fund).  Nor are

---

[3] The administrative judge acknowledged that the appellant made some references to the Voluntary Early Retirement Authority in his appeal, but she found that the appellant was only attempting to appeal a VSIP denial.  ID at 4.  The appellant does not challenge this finding on review.

VSIPs to be a basis for payment or included in the calculation of any other type of benefit. *See* 5 U.S.C. § 3523(b)(5). Accordingly, we find that we lack jurisdiction over the appellant's claim that the agency improperly denied him a VSIP.

¶6        Regarding the appellant's arguments on review, even assuming that he did respond to the acknowledgment order, he has not shown that his response would have changed the outcome of the appeal by establishing Board jurisdiction. PFR File, Tab 1 at 3. Nor was the appellant entitled to a hearing in this appeal because he did not raise a nonfrivolous allegation of Board jurisdiction. *Id.*; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 642-43 (Fed. Cir. 1985) (the right to a hearing arises after the appellant has made a nonfrivolous allegation of Board jurisdiction over the appeal). In addition, the appellant's arguments about the merits of his claim are immaterial to the jurisdictional issue. PFR File, Tab 1 at 4; *see Farris v. U.S. Postal Service*, 101 M.S.P.R. 316, ¶ 7 (2006).[4]

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has

---

[4] To the extent that the appellant is seeking information from the Board about the proper venue for proceeding with his claim, we have reviewed the applicable statute and regulations, and we have found no provision for appeal rights therein.

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.